**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL SANTOS,                           :
    Plaintiff,                            :
                                     :
    v.                                    :     **CIVIL ACTION NO. 25-CV-6329**
                                       :
WARDEN JEFFREY SMITH, *et al.*,            :
    Defendants.                          :

## ORDER

AND NOW, this 1st day of April, 2026, upon consideration of Plaintiff Michael Santos's Amended Complaint (ECF No. 12), Attachment to Amended Complaint (ECF No. 13), and Motion for Appointment of Counsel (ECF No. 11), it is **ORDERED** that:

1.    The Amended Complaint is **DISMISSED** for the reasons stated in the Court's Memorandum as follows:

    a.  The following federal claims are **DISMISSED WITHOUT PREJUDICE**: (1) the due process claims based on the conditions of cell D-218 where Santos was held from November 1, 2025, through November 10, 2025; and (2) the deliberate indifference to medical needs claims based on the denial of minipres from December 18, 2025 through January 2, 2026.

    b.  All remaining federal claims are **DISMISSED WITH PREJUDICE,** which means they are no longer part of the case and Santos does not have permission to reassert them or move forward with them. This includes all claims related to harassment and retaliation.

    c.  All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2.        Santos may file a second amended complaint within thirty (30) days of the date of this Order, but he may **only** raise the following claims based on the following incidents:  (1) due process claims based on the conditions of cell D-218 where Santos was held from November 1, 2025, through November 10, 2025; and (2) deliberate indifference to medical needs claims based on the denial of minipres from December 18, 2025 through January 2, 2026.  Santos is reminded that he must **clearly identify all of the Defendants so that the Court can understand who he is suing; he must also clearly explain what each Defendant did that caused them to be responsible for the alleged violation of his constitutional rights**. Santos must include all of the relevant allegations pertaining to these two specific sets of events in his second amended complaint.  This means he may not refer back to his initial complaint or amended complaint or assume knowledge of the allegations in those earlier versions.  When drafting his second amended complaint, Santos should be mindful of the Court's reasons for dismissing his claims. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.        The Clerk of Court is **DIRECTED** to send Santos a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Santos may use this form to file his second amended complaint if he chooses to do so.

4.        If Santos does not wish to amend he may file a notice with the Court within thirty (30) days of the date of this Order stating that he intends to stand on his Amended Complaint, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to

2

stand on the complaint, at which time an order to dismiss the action would be appropriate."

(quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse*

*Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its

discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs'

decision not to replead those claims" when the district court "expressly warned plaintiffs that

failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.      If Santos fails to file any response to this Order, the Court will conclude that

Santos intends to stand on his Amended Complaint and will issue a final order dismissing this

case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

complaint may be inferred from inaction after issuance of an order directing him to take action to

cure a defective complaint).

6.      The Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

**BY THE COURT:**

_____
**HON. MIA R. PEREZ**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3
